## GIPPS BREWING COMPANY ET AL.
### v.
### CITY OF VIRGINIA.

*Municipal Corporations—Ordinance—Violation—Penalty—Recovery of —Intoxicating Liquors—Service—Default—Motion to set Aside—Sec. 5, Practice Act—Pleading.*

1. In an action of debt for the recovery of penalties for divers violations of an ordinance touching the sale of intoxicating liquors, this court holds as erroneous the assessment of attorney's fees in a certain sum upon each conviction, as costs.

2. A failure to allege in the declaration the existence of a provision warranting such assessment in an ordinance, will prevent the recovery thereof.

[Opinion filed February 14, 1890.]

APPEAL from the Circuit Court of Cass County; the Hon. CYRUS EPLER, Judge, presiding.

Mr. A. A. LEEPER, for appellants. ·

Mr. R. W. MILLS, for appellee.

WALL, J.   This was an action of debt by the city of Virginia against the appellant companies to recover a penalty of not less than $100 and not more than $200 for each of sundry alleged violations of an ordinance of the city in regard to the sale of liquors.

A default was taken, and the court assessing the damages found defendants guilty of twelve violations, and imposing a fine of $100 for each violation, rendered judgment for $1,200 and for costs, "including the sum of $5 attorney's fees on each of said convictions, amounting in the aggregate to $60." The item of $60 is erroneous. The law makes no provision for such costs. The court might have assessed the penalty at any figure within the limit fixed by the ordinance alleged in the declaration, but it had no power to assess attorney's fees as costs. Counsel suggest the ordinance so provided, but assuming the city had power to incorporate such a provision in its ordinance, it is not so alleged in the declaration. Hence upon the record as it now appears, there is fatal error.

Before final judgment was entered the defendants moved to set aside the default, on the ground, mainly, that the service of process was had upon one Saal, as the agent of the defendants, and that upon the facts disclosed by the affidavit filed in support of the motion, the said Saal was not, at the time of service, an agent of the defendants within the meaning of the fifth section of the practice act.

The motion was denied, and error is assigned upon that ruling. A majority of this court are of opinion the motion was properly overruled. The judgment will be reversed and the cause remanded with directions to permit the defendants to plead to the merits of the action.

*Reversed and remanded.*